# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HANS CARL CLAUSEN and,
GERALDINE OLGA CLAUSEN,

    Appellants,

v.                                                       Case No. 8:18-cv-3003-T-02
                                                      (Bankr. No. 8:18-bk-00679-MGW)

KELLY REMICK,
Chapter 13 Standing Trustee,

    Appellee.
_____/

## ORDER

This matter is before the Court on appeal by Hans and Geraldine Clausen, from an Order of the United States Bankruptcy Court denying their motion for reconsideration. Dkt. 1 & 5-3. Appellants filed an initial brief, Dkt. 16, to which Trustee responded, Dkt. 20, and Appellants filed a reply brief. Dkt. 33. After reviewing the record the Bankruptcy Court's opinion is **AFFIRMED**.

The first issue is whether the Appellants appealed only the denial of their motion for reconsideration or if they also appealed the dismissal of their case. The Eleventh Circuit "embraces a policy of liberal construction of notices of appeal when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced[.]" *Hill v. BellSouth Telecomm., Inc.*,

1

364 F.3d 1308, 1313 (11th Cir. 2004) (internal quotation omitted).[1] While Trustee correctly notes that Appellants only included the Order Denying Motion for Reconsideration in their notice of appeal, the Court finds the pro se Appellants' error excusable and nonprejudicial to the Trustee. Appellants' briefing is clearly arguing about the dismissal itself and Trustee addressed this issue in their brief. Dkt. 20 at 15–17.

      Regardless, the Bankruptcy Court properly dismissed Appellants' case. Dkt. 5-1. The Court reviews the Bankruptcy Court's factual findings for clear error and conclusions of law *de novo*. *In re Jacobs*, 490 F.3d 913, 921 (11th Cir. 2007). In dismissing the case Judge Williamson stated that the court had multiple hearings on this matter and Appellants kept saying the same thing and making the same excuses, but that they "haven't done what [they] were required to [do]." Dkt. 9 at 11:3–8. The factual basis behind this decision was explained in the August 15, 2018, Order Denying Motion To Continue, where the court stated it was sympathetic to Appellants' situation but this was their fourth bankruptcy case and Appellants had almost 30 months to create a confirmation plan and yet failed to do so. Dkt. 5-37 at 2. Further, in the fourth bankruptcy alone Appellants had over eleven weeks to provide the Trustee with the requested documents which was more than enough time to produce items like bank statements and a list of their

---

[1] *See also Nichols v. Alabama State Bar*, 815 F.3d 726, 730 (11th Cir. 2016); *In re San Miguel Sandoval*, 327 B.R. 493, 504 (B.A.P. 1st Cir. 2005).

copyrighted songs. *Id.* Nothing in the record indicates these factual findings are clearly erroneous. Instead, a review of the record indicates Appellants repeatedly requested extensions of time to complete these tasks and at the final hearing they still had not completed the required appraisals or provided a list of copyrighted songs. Dkt. 9 at 6. Thus, it was proper for the Bankruptcy court to dismiss the case under 11 U.S.C § 1307(c)(1).

Finally, although it is unclear which Bankruptcy Rule Appellants moved for reconsideration under, it was properly denied. Under Bankruptcy Rule 9023, which incorporates Federal Rule of Civil Procedure Rule 59, a Court can reconsider an order on the following grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *In re Regit, No*. 8:10-BK-29130-CED, 2012 WL 1983990, at *1 (Bankr. M.D. Fla. June 1, 2012). The Appellants have not identified a change in controlling law or a clear error in law, which would require reconsideration. Further, the evidence supplied to this Court—statements about the Appellants' father's medical condition—were available and argued in the bankruptcy proceedings.

Under Bankruptcy Rule 9024, which incorporates Federal Rule of Civil Procedure Rule 60, Appellants' arguments can be construed as alleging fraud by the Trustee or under the catchall. Fed. R. Civ. P. 60(b)(3) & (6). Appellants allege

the Trustee lied to the court about what paperwork they had submitted which caused the Bankruptcy Court to dismiss their case. It is Appellants' burden to prove by clear and convincing evidence that the judgment was obtained by fraud; mere conclusionary allegations will not suffice. *In re Altier*, No. 6:15-BK-01838-KSJ, 2017 WL 6541761, at *2 (Bankr. M.D. Fla. Dec. 21, 2017). In reviewing the record, it is clear that Appellants submitted—and Trustee acknowledged receipt of—some of the required documents. The problem for Appellants is this was not all that was required of them. Dkt. 7 at 3–8. It is undisputed that Appellants had not completed an appraisal or provided a list of copyrighted songs, as required, so Appellants have not met their burden to allege fraud.

Next, the allegations are insufficient grounds to grant relief under Rule 60(b)(6). While the Court is sympathetic to the Appellants' hard times, so was the Bankruptcy Court which granted them several extensions to allow them to deal with family matters. A review of the transcripts revealed no misconduct on the part of the Bankruptcy Judge or by the Trustee, but rather that the Appellants' case was dismissed, and their motion to reconsider denied, because they failed to complete necessary steps in the bankruptcy process. Therefore, the Bankruptcy Court did not err in denying the motion to reconsider.

The findings of the Bankruptcy Court below are not erroneous, and the ruling is **AFFIRMED**. The Clerk shall close this file.

**DONE AND ORDERED** at Tampa, Florida, on February 5, 2020.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Appellants, pro se